People v Melchiorre (2024 NY Slip Op 51169(U))

[*1]

People v Melchiorre (Marcelo)

2024 NY Slip Op 51169(U)

Decided on August 9, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 9, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., WAVNY TOUSSAINT, PHILLIP HOM, JJ

2023-466 Q C

The People of the State of New York, Appellant,
against
Marcelo Melchiorre, Respondent. 

Queens County District Attorney (Johnette Traill, Ellen C. Abbot and Rebecca Nealon of counsel), for appellant.
Appellate Advocates (Zachory Nowosadzki of counsel), for respondent.

Appeal by the People from an order of the Criminal Court of the City of New York, Queens County (Jeffrey Gershuny, J.), entered March 24, 2023. The order, after a hearing, designated defendant only a level one sex offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs.
In the underlying criminal action, defendant pleaded guilty to attempted sexual misconduct (Penal Law §§ 110.00, 130.20 [3]) and overdriving, torturing and injuring animals; failure to provide proper sustenance (Agriculture and Markets Law § 26-353). At a risk assessment hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the People presented a risk assessment instrument assessing a total of 105 points to support a presumptive level two sex offender designation. The People also requested an upward departure to a level two sex offender designation if the court rejected some of the People's assessments and found defendant to be a presumptive level one sex offender. The People appeal from an order of the Criminal Court designating defendant a level one sex offender, after finding that defendant should only be assessed a total of 55 points, a presumptive level one sex offender.
On appeal, the People argue that the court should not have disallowed the 10 points which the risk assessment instrument assessed against defendant under risk factor two (sexual contact with victim), the 20 points under risk factor six (other victim characteristics), and the 20 points under risk factor seven (relationship between offender and victim). The People further argue that, even if the court correctly disallowed those assessments, the court should have granted their request for an upward departure to a risk level two designation.
The SORA court properly designated defendant a level one sex offender. In establishing a sex offender's appropriate risk level assessment under SORA, the People have "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 572 [2009]; People v Wells, 138 AD3d 947 [2016]; People v Faris, 75 Misc 3d 64, 65-66 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). At the SORA hearing, the People failed to establish by clear and convincing evidence that defendant should be assessed points for risk factors two, six, and seven, and, thus, we find no basis to disturb the court's determination with respect thereto. Moreover, the record supports the court's denial of the People's request for an upward departure to a level two designation.
Accordingly, the order is affirmed.
BUGGS, J.P., TOUSSAINT and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 9, 2024